UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NILI 2011, LLC; EETBL, LLC, and
INVESTMENT REALTY SERVICES, LLC
D/B/A SBYC GARNER, LLC

Plaintiffs,

v.

THE CITY OF WARREN,

Defendant.

Case No. 15-cv-13392

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

## **Introduction**

This is a class action against the City of Warren (hereinafter "Defendant" or

"the City"). Plaintiffs seek declaratory and injunctive relief based on the Defendant's

alleged violations of due process and the Fourth Amendment. Currently before the

Court is Plaintiffs' Motion to Certify Class [30]. For the reasons stated below, the

Court will **GRANT** Plaintiffs' Motion **IN PART**.

## **Factual Background**

There are three lead Plaintiffs: NILI 2011, LLC (hereinafter "NILI"); EETBL,

LLC (hereinafter "EETBL"); and Investment Realty Services, LLC doing business

as SBYC Garner, LLC (hereinafter "SBYC"). Dkt. No. 1, p. 2 (Pg. ID 2). NILI,

EETBL, and SBYC are each Michigan limited liability companies with registered offices in Wayne County. *Id.* The Defendant is the City of Warren, located in Macomb County, Michigan. *Id.* The Plaintiffs each own rental property in the City of Warren *Id.*, pp. 13, 14 and 17 (Pg. ID 13, 14, and 17).

The Home Rule City Act permits municipal entities like the City of Warren to adopt laws and rules for building maintenance. *Id.*, p. 4 (Pg. ID 4); MICH. COMP. LAWS § 117.3(k). According to the Plaintiffs, the City adopted the international property maintenance code (the "IPMC") pursuant to the Home Rule City Act. *Id.* The IPMC governs the regulation of rental property, *inter alia*. *Id.*, p. 5 (Pg. ID 5). An owner of rental property cannot obtain a certificate of compliance from the City of Warren until the owner passes IPMC inspection. *Id.* If the City of Warren does not issue a certificate of compliance after an inspection, the City issues a property inspection report that requires the owner to correct violations of the IPMC and other City codes. *Id.*

The IPMC guidelines emphasize the importance of due process and equal protection and contain its own set of procedural guidelines that the City must comply with. *Id.*, p. 6. For example, the IPMC establishes procedure for prosecuting violations of its code and appealing decisions made by enforcement officers. *Id.*, p. 8. However, according to the Plaintiffs, the City of Warren did not adopt the

language in the IPMC pertaining to appeals. Plaintiffs also allege that the City of Warren fails to properly issue deficiency notices.

Plaintiffs allege that omitting the appellate procedures mentioned in the IPMC guidelines is unconstitutional and illegal. Plaintiffs seek declaratory and injunctive relief from the City of Warren based on: (1) violations of due process for failure to provide proper notice and meaningful opportunity to be heard; (2) violations of due process due to vague and uncertain provisions on the IPMC; (3) violations of the Fourth Amendment due to warrantless searches of rental properties; and (4) violations of 42 U.S.C. § 1983.

## Law and Analysis

### A. Legal Standard

"The district court has broad discretion to decide whether to certify a class and [the Sixth Circuit] reviews class certification for an abuse of discretion. A district court's decision to certify a class is subject to very limited review and will be reversed only if a strong showing is made that the district court clearly abused its discretion. An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012) (internal citations and quotations omitted).

*B. Class Certification*

"The trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). First, the Court must determine whether the class is sufficiently definite. *Young*, 693 F.3d 532, 537–38. Next, a class must satisfy Rule 23. *Id*.

*1. Class Definition*

"Before a court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Id*. (citing 5 James W. Moore et al., *Moore's Federal Practice* § 23.21[1] (Matthew Bender 3d ed. 1997) ("Although the text of Rule 23(a) is silent on the matter, a class must not only exist, the class must be susceptible of precise definition. There can be no class action if the proposed class is 'amorphous' or 'imprecise.' "). "For a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria. In some circumstances, a reference to damages or injuries caused by particular wrongful actions taken by the defendants will be sufficiently objective criterion for proper inclusion in a class definition. Similarly, a reference to fixed,

geographic boundaries will generally be sufficiently objective for proper inclusion in a class definition." *Id*.

Defendant alleges that the proposed class definitions are "inaccurate and overbroad" because they do not "adequately define who would be class members and such class members are not easily ascertainable." Dkt. No. 35, p. 17 (Pg. ID 319). The Court disagrees. In this case, Plaintiffs propose three[1] classes:

> (1) All persons and entities that currently own or at one time owned any parcel of real property located within the City of Warren for the purpose of renting or leasing a residential structure or multiple family unit on that property who or which has been issued a civil infraction for failing to obtain a certificate of compliance and subsequently paid them, stemming from an inspection under the IPMC and the City Code, at any time since September 28, 2009 and through the date of final judgment, or such longer amount of time as may be allowed by law. (hereinafter "Class One").

> (2) All persons and entities that currently own or at one time owned any parcel of real property in the City of Warren for the purpose of renting or leasing a residential structure or multiple family unit on that property, who or which have made repairs pursuant to a City of Warren International Property Maintenance Code of 2009 City Certification Inspection Report or other deficiency notice issued by the City of Warren without being provided with notice of the violation or their ability to appeal such determination to an impartial Board of Appeals. (hereinafter "Class Two").

> (3) All persons and entities who paid rental registration and inspection fees to the City of Warren pursuant to the ordinance permitting searches without a warrant. (hereinafter "Class Three").

---

[1] Plaintiffs' Motion for Class Certification contained only two proposed classes. However, in their Reply, Plaintiffs revised the two proposed classes based on the Defendant's arguments and sought to include a third class. Dkt. No. 36, p. 3 (Pg. ID 418).

Dkt. No. 36, pp. 2–3 (Pg. ID 416–17).

Each class adequately defines the members that should comprise the group. For Class One and Class Two, the Plaintiffs include sufficient objective information to determine which members should be included in the class. For example, Plaintiffs include the geographic boundaries where the properties must be located, the type of infraction issued, the specific type of residential structure, and the relevant time period. These specifics are precise enough for the Court to determine who belongs in the classes.

Class Three is written more broadly, but is still sufficiently definite. *See Young*, 693 F.3d 532, 538 (upholding certification of class of persons "who were charged local government taxes on their payment of premiums which were either not owed, or were at rates higher than permitted."). Class Three includes the type of fee, geographic boundary, the type of property and the circumstances leading up to issuance of the fee. Although Class Three is more general, it still provides sufficient detail to identify class members without speculation. Based on the multiple categories of objective criteria, which include a fixed geographical boundary and reference to injuries caused by a specific wrong, each class is sufficiently definite to support a class action suit.

   *2. Assumpsit*

Along with its objection that the class is overbroad, the Defendant argues that the class definition is improper because a six-year statute of limitations does not apply. According to the Defendant, the proposed class should date back three years, rather than six. Dkt. No. 35, p. 19 (Pg. ID 321). This is close issue.

Plaintiffs seek relief pursuant to a claim of assumpsit under Michigan state law. Dkt. No. 30 p. 17 (Pg. ID 160). Assumpsit is a common law species of tort recovery that sidesteps governmental immunity.

A proper assumpsit claim must be specifically plead and is only available in certain disputes. "[T]o waive tort and sue in assumpsit [Plaintiff] must set up [a] special count; the common counts are not sufficient." *Kristoffy v. Iwanski*, 255 Mich. 25, 27, 237 N.W. 33, 34 (1931). "Assumpsit may be upon an express contract or promise, or for nonperformance of an oral or simple written contract, or it may be a general assumpsit upon a promise or contract implied by law. At common law promises were implied by law and one might waive tort and sue in assumpsit in certain cases as where the tort arose out of contract relations or consisted of a conversion of plaintiff's property into money." *Id.* Additionally, "[t]he remedy to recover illegal taxes paid is in assumpsit for money had and received." *Salisbury v. City of Detroit*, 258 Mich. 235, 241 N.W. 888, 889 (1932).

In this case, the Defendant does not dispute that the assumpsit claim was properly plead. At issue here is whether assumpsit is a proper vehicle for the dispute

between the Plaintiffs and the City. According to the Defendant, the option to waive tort and sue in assumpsit is only available for disputes that allege fraud and other wrongs involving false pretenses. Dkt. No. 35, p. 19 (Pg. ID 321). Because the Plaintiffs do no allege any fraud or misrepresentation on the part of the City of Warren, the Defendant claims assumpsit is improper. *Id.* The Defendant's argument is flawed.

The contours of assumpsit are not entirely clear. However, the available cases do not support the Defendant's narrow view of assumpsit. In its Response, the Defendant attempts to use *Beachlawn Bldg. Corp. v. St. Clair Shores*, 370 Mich. 128 (1963) to support its claim that actions pursuant to assumpsit must specifically allege fraud or misrepresentation. *Beachlawn*, however, it fatal to the Defendant's own argument.

*Beachlawn* involves a suit for recovery of illegal building permit fees. *Id.* Contrary to the Defendant's argument, the success of the assumpsit claim does not depend on allegations of fraud or misrepresentation. Indeed, the words fraud, misrepresentation, and false pretenses cannot be found in the entire *Beachlawn* opinion. Rather, *Beachlawn* focuses its analysis on whether one party's position of power can induce another to pay an illegal fee. *Id.* at 133. ("There is no doubt but that where the parties *do not stand upon equal terms*, as where the plaintiff was entitled to a license, and the defendant to grant it, but refused to deliver it except

upon payment of a sum of money he was not entitled to in all such cases, the party pays under compulsion and may afterwards in an action of assumpsit recover back the amount of the illegal exaction) (quoting *Detroit v. Martin*, 34 Mich. 170, 174 (1876)). Thus, it is the unequal inducement to pay fees, not a mere pleading formality that allowed assumpsit to proceed in *Beachlawn*.

Based on *Beachlawn*, the present case can proceed via assumpsit. In this case, the parties do not stand on equal terms—the City of Warren has the power to issue certificates of compliance and the power to issue fines for noncompliance. Further, Plaintiffs argue that class members are entitled to notice and due process while they obtain compliance with the City. Yet, due process is allegedly refused and class members must pay fees under the threat of further punishment. Therefore, on these facts, the unequal-inducement standard mentioned in *Beachlawn* is met.

Furthermore, to the extent that Plaintiffs allege that the City assesses illegal fees—the Court of Appeals of Michigan seemed to anticipate a class action in assumpsit as the mode of recovery. *See Corey v. Wayne Cty.*, No. 325465, 2016 WL 1039955, fn.7 (Mich. Ct. App. Mar. 15, 2016) ("Thus, when there has been an illegal or excessive collection of fees, it may be possible to maintain a class 'action of assumpsit to recover back the amount of the illegal exaction.' "). Therefore, because assumpsit is proper, a six year statute of limitations is permissible. *See Lenz v. City of Detroit*, 376 Mich. 156 (1965); Mich. Comp. Laws 600.5813.

### 3. Rule 23(a) Requirements

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011). "To be certified, a class must satisfy all four of the Rule 23(a) prerequisites—numerosity, commonality, typicality, and adequate representation— and fall within one of the three types of class actions listed in Rule 23(b). The party seeking class certification has the burden to prove the Rule 23 certification requirements." *Young*, 693 F.3d 532, 537 (internal citations omitted).

### i. Numerosity

"Federal Rule of Civil Procedure 23(a)(1) requires as a prerequisite to class action that the class [be] so numerous that joinder of all members is impracticable. While no strict numerical test exists, substantial numbers of affected consumers are sufficient to satisfy this requirement. Nonetheless, impracticability of joinder must be positively shown, and cannot be speculative." *Young*, 693 F.3d 532, 541 (internal citations omitted). "However, sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004).

Plaintiffs argue that "numerosity is satisfied on shear [sic] numbers alone." Dkt. No. 30, p. 18 (Pg. ID 161). On the other hand, the Defendant argues that "the

geographical dispersion of the potential class members, the ease of identifying putative class members, and the practicality with which each individual putative class member could bring suit" does not establish that joinder is impracticable. Dkt. No. 35, pp. 23–24 (Pg. ID 325–26).

In this case, the City of Warren has approximately 7,000 registered rental properties. Dkt. No. 35, p. 22 (Pg. ID 324). Several property owners own multiple properties and several property owners are out-of-country investors. Dkt. No. 35, pp. 15, 22 (Pg. ID 317, 324). In 2015 alone, the City issued over 700 civil infractions for failure to comply with inspection regulations. *See* Dkt. No. 30-2. Even considering the amount of infractions that were eventually dismissed, the potential class of litigants that were assessed fines is more than several hundred for 2015 alone. *Id.*

Class One seeks to certify a class of all rental property owners who have been issued civil infractions for failure to comply with inspection regulations. Because Class One is easily more than several hundred and some members are outside the United States—joinder is impracticable and the numerosity requirement is met. *See In re Am. Med. Sys.,* 75 F.3d at 1076 (noting that the Sixth Circuit has found a class of 35 to be sufficient to meet the numerosity requirement).

Similarly, joinder is impracticable for Class Three. Class Three seeks to certify a class of rental property owners who paid registration and inspection fees to

the City pursuant to the ordinance permitted searches without a warrant. According to the Plaintiffs, any rental property owner "must register the property, pay $125.00 to the City and obtain an inspection of the property without any probable cause or warrant procedure in place for [the City of] Warren's code officials." Dkt. No. 30, p. 11 (Pg. ID 154). Given the approximately 7,400 rental subject to registration fees (including those owned by out-of-state-investors), numerosity is met regarding Class Three. *Id.*

Plaintiffs admit that Class Two, is their "weakest" proposed class. Dkt. No. 49, p. 20 (Pg. ID 520). Class Two seeks to certify a class of members who made repairs required by the City without being provided notice of the violation or their ability to appeal. Class Two is problematic because it requires the Court to speculate about its numerosity.

The Plaintiffs provide the Court with two correction notices that were issued by the City of Warren. Dkt. No. 30-3. The notices for the two properties list various repairs and replacements a property owner must make to bring the property into compliance with City regulations. *Id.* To find numerosity in Class Two, the Court would be required to make two assumptions. First, the Court would have to assume, without evidence or argument, that property owners *always* made repairs pursuant to the correction notices issued by the City of Warren. Next, the Court would have to assume that correction notices were issued to enough property owners to make

-12-

joinder of all members impracticable. The Court cannot make those inferences. *See Young*, 693 F.3d 532, 541 ("[I]mpracticability of joinder must be positively shown, and cannot be speculative."). Therefore, Plaintiffs fail to establish the Class Two meets the numerosity requirement.

### ii. Commonality and Typicality

"Rule 23(a)(2) requires plaintiffs to prove that there are questions of fact or law common to the class, and Rule 23(a)(3) requires proof that plaintiffs' claims are typical of the class members' claims." *Young*, 693 F.3d 532, 542.

The commonality requirement of Rule 23(a) requires Plaintiffs to show that "there are questions of law or fact common to the issue." FED. R. CIV. P. 23(a)(2). "[A] single factual or legal question common to the entire class" will suffice. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Commonality "focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit." *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013)." Commonality is met if plaintiffs "show that class members have suffered the same injury." *Id*. However, commonality is lacking if the claims depend upon "facts and circumstances peculiar to [one] plantiff." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998); *see also Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 422 (6th Cir. 1998). Thus, Plaintiffs' " 'claims must depend upon a common contention ... of such a

nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.' " *Id.* (quoting *Dukes,* 131 S.Ct. at 2551).

Typicality is met if the class members' claims are "fairly encompassed by the named plaintiffs' claims." *Whirlpool*, 722 F.3d at 852 (citing *Sprague*, 133 F.3d at 399 (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082)). "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.' " *Beattie v. CenturyTel., Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082.)

"Commonality and typicality tend to merge because both of them serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Young*, 693 F.3d 532, 542 (internal citations and quotations omitted). "Like the test for commonality, the test for typicality is not demanding and the interests and claims of the various plaintiffs need not be identical." *Reese v. CNH Am., LLC*, 227 F.R.D. 483, 487 (E.D. Mich. 2005). The inquiry is "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute

a collective nature to the challenged conduct." *Beattie*, 511 F.3d at 561 (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082) (internal quotation marks omitted). A class representative's claim will be deemed typical even though "the evidence relevant to his or her claim varies from other class members, some class members would be subject to different defenses, and the members may have suffered varying levels of injury." *Reese*, 227 F.R.D. at 487–88 (citing *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 884–85 (6th Cir. 1997)). A claim will not be deemed typical, however, "when a plaintiff can prove his own claim but not necessarily have proved anybody's [sic] else's claim." *Beattie*, 511 F.3d at 561 (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082) (internal quotation marks omitted).

The Defendant argues that commonality and typically are not met because "individualized issues exists [sic] with respect to causation and damages which are unique to each claimant." Dkt. No. 35 at 25 (Pg. ID 327). According to the Defendant "[a]n individualized analysis will need to be conducted of each claimant regarding each claimant's process for obtaining a certificate of compliance." *Id.*, p. 26. (Pg. ID 328).

With respect to Classes One and Three, the Defendant's arguments are unpersuasive. The Defendant overstates how much individualized analysis will be required for each class member and construes commonality and typically more stringently than they actually are. For Class One, the common factual question to

the entire class is whether the members paid fines pursuant to inspection under the IPMC. Similarly, for Class Three, the common question of fact is whether members paid registration fees pursuant to an ordinance permitting searches without a warrant. The common answer driving Class One and Class Three is whether the fines and fees paid to the City by class members violate due process and the Fourth Amendment. Because a common answer regarding each class will resolve the issues of fees and costs in one stroke, the commonality requirement is met.

To the extent that there are different damages among the members within Class One and the member within Class Three, commonality is not defeated. For example, with respect to Class One, the amount of fines assessed against rental property owners varies from $0 to $1000. *See* Dkt. No. 30-2. With respect to Class Three, the registration fees assessed to property owners varied from $125 to $250. *See* Tremberth Deposition, Dkt. No. 30-1, p. 2 (Pg. ID 173). Even considering the different fine/fee amounts, commonality is not defeated. *See Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) ("No matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action. Consequently, the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible.").

Turning next to typicality, the named Plaintiffs' claims are typical of the members of Class One and Class Three because the claims: (1) arise from the same course of conduct—the City of Warren's policy of issuing fine and fees; (2) are based on the same legal theories—due process and the Fourth Amendment; and (3) by pursing their owns interests—invalidation of assessed fines and fees—the class representatives also advance the interest of the other class members who paid the same, or similar fines and fees. *In re Am. Med. Sys.*, 75 F.3d at 1082. Therefore, typicality is met for Class One and Three.

On the other hand, even if Class Two met the numerosity requirement, it would not meet commonality and typicality. Although the test for commonality is not demanding, *see Reese*, 227 F.R.D. at 487, "generalized or abstract commonality will not suffice." *Curry v. SBC Commc'ns, Inc.*, 250 F.R.D. 301, 310 (E.D. Mich. 2008) (citing *See* Sprague, 133 F.3d at 397). The common question of fact for Class Two is whether members made repairs mandated by the City of Warren. Nevertheless, the issue of repairs is too generalized to satisfy commonality.

Instead of making new arguments or presenting additional evidence, the Plaintiffs again concede that Class Two is problematic.[2] The Court agrees. As best

---

[2] The Court conducted two hearings in this matter: one on December 7, 2016, another on May 2, 2017. On both occasions, the Plaintiffs conceded that Class Two was weak or problematic without producing any new evidence or argument to improve the proposed class. This is insufficient for certification. *See Dukes*, 564 U.S. 338,

as the Court can tell, the type of repairs mandated by the City can be very specific and technical, such as making sure stairways are uniformly 8 ¼ inches. *See* Dkt. No. 30-3, p. 3 (Pg. ID 278). On the other hand, the repairs could also be very generic and common, such as patching holes, removing extension cords, and installing smoke alarms. Dkt. No. 30-3, pp. 4 (Pg. ID 279). Based on the lack of information before it, the Court is left speculate that every repair made would not have occurred unless mandated by the City. Given the routine and ordinary nature of some of the repairs, it is unlikely that every repair was motivated only by the City. Therefore because Class Two is too general to establish that the City of Warren caused the repairs, Plaintiffs fail to show that all class members suffered the same injury.

To that end, typicality is similarly lacking because the Court cannot say that the repairs arose from "the same event or practice or course of conduct that gives rise to the claims of other class members." *Beattie*, 511 F.3d 554, 561 (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082.). Therefore, Class Two does not satisfy commonality nor typicality.

### iii. *Adequacy of Representation*

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class

---

350 (2011). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule."

representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 625–26, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (citations and internal quotation marks omitted). "This court looks to two criteria for determining adequacy of representation: 1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. This court also reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation." *Young*, 693 F.3d 532, 543 (citations and internal quotation marks omitted).

The Defendant does not dispute Plaintiffs' counsel's qualifications to serve as class counsel. Dkt. No. 35, p. 29 (Pg. ID 331). However, Defendants argue that there are conflicting interests among the representatives and the class members because some class members contested their fines, others admitted responsibility, and some received no fines at all. *Id.* The Defendant's argument is unpersuasive. This case is about an alleged deprivation of due process resulting from how the City of Warren regulates rental properties. Although claimants received different dispositions, their interest in fair process is the same. The class representatives received fines for failing to comply with the City of Warren's specifications just like other property owners. The Court finds that the representatives have the same

interest in fair process as the unnamed class members. Therefore, the adequacy of representation requirement is met.

### 4. *Rule 23 (b) Requirements*

"In addition to meeting the requirements of Rule 23(a), a class must satisfy one of the categories of Rule 23(b)." *Young*, 693 F.3d 532, 544.

> A class action may be maintained if **Rule 23(a)** is satisfied and if:
> **(1)** prosecuting separate actions by or against individual class members would create a risk of:
>> **(A)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>> **(B)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> **(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> **(3)** *the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.* The matters pertinent to these findings include:
>> **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
>> **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
>> **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>> **(D)** the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b) (emphasis added).

Defendant argues that the Plaintiffs cannot satisfy any of the conditions of Rule 23(b). Dkt. No. 35, p. 30 (Pg. ID 332). However, the Defendant is incorrect.

In this case common questions of law and fact predominate over questions affecting individual members. "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352* (6th Cir. 2011) (citing *Beattie,* 511 F.3d 554, 564 (6th Cir. 2007)). Further, "the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones." *Beattie,* 511 F.3d at 564 (citations and internal quotations omitted). "While the commonality element of Rule 23(a)(2) requires showing one question of law or fact common to the class, a Rule 23(b)(3) class must show that common questions will *predominate* over individual ones." *Young*, 693 F.3d 532, 544.

As in the commonality and typicality discussions, the Defendant again urges that individualized issues surround each potential class member's claim. In essence, the Defendant argues the Plaintiff cannot establish causation without determining whether notice of violations was given, what type of violations were found and what damages were assessed as a result of the civil infraction. Dkt. No. 35, p. 32 (Pg. ID 334).

With respect to Class One and Class Three, the Defendant again overstates the need to make such individualized determinations at the class certification stage. Such "potential individual inquires do not defeat the predominance of common questions." *Young*, 693 F.3d 532, 544 (citing *Powers,* 501 F.3d 592, 619 (6th Cir. 2007) (rejecting challenge to class of criminal defendants allegedly denied hearings before being taken into custody based on variations in the experiences of individual class members)). The Defendant proceeds on the theory that violation of one class member's due process rights does not necessarily mean that all class member's rights were violated. "[The Defendant] will have to prove their theory at trial; but for class certification, this is a predominate issue central to each of Plaintiffs' claims and subject to generalized proof." *Id*.

In addition to common questions predominating, Class One and Class Three are superior to other available methods to adjudicate this controversy. These are negative value claims—worth only a few hundred dollars to each potential claimant. The price to register rental property with the City is at most $250.00. Dkt. No. 30-1, p. 2 (Pg. ID 173). Moreover, some of the fees assessed to property owners are as low as $100. Dkt. No. 30-2. "The relatively small amount of money that each individual plaintiff could possibly recover suggests that a class action is the only real meaningful way to afford relief in this case." *Randleman*, 646 F.3d 347, 356 (describing a class action based on a $213.57 claimed overcharge). Therefore,

because common questions predominate and the class members have a strong interest in filing together, Rule 23b(3) is met with respect to Class One and Class Three.

With respect to Class Two, Rule 23(b)(3) is not met because questions of individual members predominate, rather than the common questions of law or fact. As discussed previously, the break-down with Class Two involves causation. The Court is left to speculate that all repairs made would only have been made because the City issued a repair notice. In contrast to fees and fines paid, some repairs would have been made even if the City issue no repair notices at all. Therefore, due to the individual determinations of causation that would predominate Class Two, Rule 23(b)(3) is not met.

## Conclusion

For the preceding reason, the requirements for class certification under Rule 23 are met for Class One and Class Three, but not for Class Two. Therefore, the Court **GRANTS** Plaintiff's Motion to Certify Class **IN PART**. Class One and Class Three are hereby **CERTIFIED**. Certification of Class Two is **DENIED**.

**SO ORDERED.**

Dated: May 23, 2017

/s/Gershwin A Drain

Detroit, MI

HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 18, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston

Case Manager, (313) 234-5213