UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NILI 2011, LLC, ET AL.,

    Plaintiffs,

v.

CITY OF WARREN,

    Defendant.
_____/

Case No. 15-cv-13392

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER GRANTING PLAINTIFF CLASS MEMBER'S
MOTION TO OPT OUT AFTER DEADLINE [#78]**

**I. INTRODUCTION**

Plaintiff NILI 2011, LLC, on behalf of all others similarly situated, initiated this class-action suit on September 28, 2015 based on Defendant City of Warren's alleged violations of the Fourth and Fourteenth Amendments. *See* Dkt. No. 1.

On October 18, 2017, the Court entered a Stipulated Order Authorizing Notice of Class Certification. Dkt. No. 62. There, the Court Ordered that notice of the class certification be mailed to the last known address of potential class members within twenty-one days, that notice be placed in the Macomb Daily newspaper, and that notice be posted on class counsel's website. *Id.* at p. 2 (Pg. ID 1698). Further, the Court Ordered that any class member who wished to opt out of

-1-

the class had to do so within ninety days of the notice being mailed. *Id.* at p. 3 (Pg. ID 1699).[1]

The Court entered an Order Preliminarily Approving Class Action Settlement on June 26, 2018, and scheduled a Fairness Hearing for October 22, 2018. *See* Dkt. No. 77.

On August 9, 2018, Albert Thrower ("Member Thrower"), on behalf of Plaintiff Class Member Saint Anthony the Great Romanian Orthodox Monastery, filed a Motion for Leave to Opt Out After Deadline. *See* Dkt. No. 78. Member Thrower asserts Saint Anthony the Great Romanian Orthodox Monastery did not receive notice of the class-action suit before the opt-out deadline expired. *See id.* at p. 1 (Pg. ID 1861). Defendant has not filed a response in opposition to Member Thrower's Motion.

Present before the Court is Member Thrower's Motion for Leave to Opt Out After Deadline [#78]. For the reasons set forth below, the Court will GRANT the Motion.

## II. DISCUSSION

Federal Rules of Civil Procedure 6(b)(1) and 60(b)(1) give a district court the discretion to grant relief to a party who misses a class opt-out deadline. *In re*

---

[1] On November 7, 2017, the Court entered a Stipulated Order Extending Dates to Provide Class Notice, requiring that notice be sent within twenty-one days of the Order. Dkt. No. 63, p. 2 (Pg. ID 1707).

*MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017); *Shumsker v. Citigroup Glob. Mkts. Inc.*, 569 Fed. Appx. 16, 18 (2d Cir. 2014); *Valley Drug Co. v. Geneva Pharm., Inc.*, 262 Fed. Appx. 215, 218 (11th Cir. 2008). Indeed, Rule 6(b)(1)(B) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 60(b)(1) further provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1).

In defining excusable neglect, the Supreme Court has specified four factors for courts to consider: (1) the danger of the prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted within good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, the Court will find good cause for allowing Member Thrower to opt out of the class-action suit despite missing the opt-out deadline. First, by not filing a response opposing Member Thrower's Motion, Defendant has indicated no

objection to allowing the untimely opt out. This suggests Defendant has no concern about the late opt out causing any prejudice.

Second, though the opt-out deadline expired months ago, permitting Member Thrower to opt out the class-action suit will have little to no impact on these judicial proceedings. The Court has not yet held the Fairness Hearing on the class-action settlement or entered a final judgment. Hence, granting Member Thrower's Motion should not interrupt the litigation schedule in this case.

Third, Member Thrower asserts Saint Anthony the Great Romanian Orthodox Monastery never received notice of the class-action suit. *See* Dkt. No. 78, p. 1 (Pg. ID 1861). Unlike simply overlooking a notification, failing to receive notice altogether was something completely outside the control of the movant.

Finally, there is nothing to suggest Member Thrower has acted in bad faith. By all indications, Member Thrower filed this Motion soon after becoming aware of the pending class-action suit and served notice on all parties. *See id.* at pp. 1, 3 (Pg. ID 1861, 63).

Accordingly, Member Thrower's failure to opt out of the class-action suit in a timely manner can be attributed to excusable neglect.

### III. CONCLUSION

For the reasons discussed herein, the Court will GRANT Member Thrower's Motion [#78].

IT IS SO ORDERED.

Dated: September 24, 2018                  s/Gershwin A. Drain
                                           HON. GERSHWIN A. DRAIN
                                           United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 24, 2018, by electronic and/or ordinary mail.

                                           s/Julie Owens
                                           Case Manager