UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NILI 2011, LLC, ET AL.,

    Plaintiffs,

v.

CITY OF WARREN,

    Defendant.
_____/

Case No. 15-cv-13392

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

# MEMORANDUM OPINION IN SUPPORT OF FINAL APPROVAL ORDER AND JUDGMENT [#85]

## I. INTRODUCTION

On June 26, 2018, the Court entered an Order Preliminarily Approving Class Action Settlement. Dkt. No. 77. That Order approved the notice to Class Members, set the objection deadline, and scheduled a fairness hearing. *Id.* The notice was timely mailed to Class Members, published in the Macomb Daily, and posted on Class Counsel's website. *See id.*; Dkt. No. 83, p. 12 (Pg. ID 1942).

Present before the Court are Plaintiffs' Motion for Attorney Fees, Costs, and Incentive Fee [#82] and Plaintiffs' Motion for Final Approval of Settlement [#83]. Both Motions are unopposed. A Rule 23(e)(2) Fairness Hearing was held on October 22, 2018. For the reasons set forth below, the Court will GRANT Plaintiffs' Motions [#82, #83].

-1-

## II. FINDINGS OF FACT

Based on the hearing, the record, and the submissions and presentations to the Court, the Court will make the following findings of fact.

**1. The Parties and the Class**

**A)** The Named Plaintiffs and Class Representatives are NILI 2011, LLC, EETBL, LLC, and Investment Realty Services, LLC, d/b/a/ SBYC Garner, LLC. Dkt. No. 77.

**B)** Defendant is the City of Warren. *Id.*

**C)** The Court certified the following two classes, pursuant to Federal Rule of Civil Procedure 23(b)(3):

a) All persons and entities who paid rental registration and inspection fees to the City of Warren pursuant to the ordinance permitting searches without a warrant;

b) All persons and entities that currently own or at one time owned any parcel of real property located within the City of Warren for the purpose of renting or leasing a residential structure or multiple family unit on that property who or which had been issued a civil infraction for failing to obtain a certificate of compliance and subsequently paid them, stemming

from an inspection under the IPMC and the City Code, at any time since September 28, 2009 and through the date of final judgment. *Id.*

**D)** Pursuant to Rule 23(g), the Court Ordered that Aaron D. Cox and Mark K. Wasvary be appointed as Class Counsel. *Id.*

## 2. The Claims and Defenses

**E)** Plaintiffs filed this lawsuit on September 28, 2015 seeking restitution and injunctive and declaratory relief. Dkt. No. 1.

**F)** Plaintiffs alleged that Defendant improperly administered its Property Maintenance Code Ordinance in violation of due process rights under the International Property Maintenance Code and in violation of the Fourth and Fourteenth Amendments. *Id.*

**G)** Defendant denied liability to Plaintiffs and other Class Members on a variety of legal and factual grounds. Dkt. No. 10.

## 3. The Litigation and Settlement Negotiations

**H)** The parties engaged in formal discovery, took depositions, and exchanged necessary documents and data. Dkt. No. 83, p. 23 (Pg. ID 1953).

**I)** Settlement was the result of arm's-length negotiations and was only reached after discovery on the merits. *Id.* at p. 22 (Pg. ID 1952).

## 4. The Settlement Terms

**J)** The Settlement Agreement provides the following:

a) Defendant agrees to make available a common fund of up to $750,000 (the "Settlement Fund") to pay valid Class Member claims, to pay an incentive payment to the Class Representatives, to pay attorney's fees and reasonable litigation expenses, not limited to costs, to Class Counsel, and to pay the costs and expenses associated with claim administration, as approved by the Court. Dkt. No. 72-1, pp. 6-7 (Pg. ID 1787-88).

b) Defendant also agrees to waive residential rental re-inspection fees for four years. *Id.* at p. 7 (Pg. ID 1788).

c) Settlement Class Members must submit fully completed and executed claim forms to receive their share of the Settlement Fund. Claim forms will be due within 60 days after the notice is mailed. Class Members may make a claim for $100 each. Valid claims of the Class will be paid at the Class Members' *pro rata* share of the Settlement Fund minus payments made for attorney's fees and costs as approved by the Court, the costs of claims administration, and payments made to the Class Representatives. *Id.* at pp. 7-8 (Pg. ID 1788-89).

d) Subject to the Court's approval, Defendant will pay each Named Plaintiff $10,000 from the Settlement Fund for representing the Settlement Class

as the Class Representatives. Subject to the Court's approval, Defendant will pay attorney's fees to Class Counsel in an amount equal to 37.5% of the total of the Settlement Fund, plus the value of the four-year waiver of re-inspection fees, before any other deduction ($371,250), plus reasonable out-of-pocket expenses, up to $15,000, all payable from the Settlement Fund. Defendant will not object to or oppose any of these payments. *Id.* at p. 8 (Pg. ID 1789).

**5. Counsel's Assessment**

**K)** In comparing the strength of the case to the settlement amount, Class Counsel asserts that the Settlement is fair, reasonable, and adequate. Class Counsel reaches this conclusion based on the risks and expenses involved in litigating this action and the potential cost of an appeal. Dkt. No. 83, pp. 23-24 (Pg. ID 1953-54).

**6. Notice to Class**

**L)** The Court approved the Class notice on June 26, 2018. Dkt. No. 77.

**M)** Dorothy Sue Merryman -- Project Manager for Class-Settlement.com -- coordinated the distribution of the Class notice. Notice was sent by U.S. Mail to 8,257 names and addresses. The mailing was completed on July 22, 2018. Dkt. No. 83-2.

## 7. The Approval Process

**N)** Pursuant to the Court's Order Preliminarily Approving Class Action Settlement, the Court will hold a Fairness Hearing on October 22, 2018. Dkt. No. 77.

**O)** One Class Member, Barbara S. Delegeorge, filed an Objection to the Settlement. Dkt. No. 80.

**P)** The following eleven Class Members opted out from the lawsuit (Dkt. No. 77; Dkt. No. 79):

   a) Raymond Korhonen and M. Korhonen

   b) Cheryl Stevens

   c) Cynthia Boggia

   d) Yvonne Gibson

   e) David Anderson

   f) Deborah Brod

   g) Harry Santiago

   h) Samuel Chiu

   i) Now R Never Real Estate, LLC c/o Leonard Lehman

   j) Carol Loduca

   k) Saint Anthony the Great Romanian Orthodox Monastery

**Q)** As discussed in more detail below, the Court concludes that the Settlement is the product of reasoned and informed, arm's-length negotiations, which produced a mutually-beneficial Settlement that eliminates uncertainties, avoids further delay and expense, eliminates each side's risk of adverse result, is consistent with the public interest, and, in considering these circumstances, is fair, reasonable, and adequate under Rule 23(e)(2).

### III. CONCLUSIONS OF LAW

Based on the hearing, the record, and the submissions and presentations to the Court, the Court will make the following conclusions of law.

**1. Legal Standard**

**A)** The Court shall give final approval of a settlement agreement of a class action if, following a hearing, the Court finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

**B)** The Sixth Circuit has identified seven factors to guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Int'l Union,*

*United Auto., & Agr. Implement Workers of Am. v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007).

## 2. Sufficiency of Class Notice

**C)** Prior to the fairness hearing, the district court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

**D)** Here, the Court finds that the Class notice, which was approved by the Court on June 26, 2018, satisfies Federal Rule of Civil Procedure 23(e)(1). Dkt. No. 77.

## 3. Fairness Hearing

**E)** Fairness hearings contain several procedural safeguards, including the requirement that parties to the settlement must "proffer sufficient evidence to allow the district court to review the terms and legitimacy of the settlement, [that] class members may 'object to [the] proposed settlement' on the record, and [that] class members have a right to participate in the hearing." *Int'l Union*, 497 F.3d at 635.

**F)** Here, based on the arguments presented in the pleadings and at the hearing, the Court will conclude that the Settlement is fair, reasonable, and adequate under Rule 23(e)(2).

### Risk of Fraud or Collusion

**G)** "Settlement negotiations that are conducted at arm's length and in good faith demonstrate that a settlement is not the product of collusion." *Retsky Family Ltd. P'ship v. Price Waterhouse, LLP*, 2001 WL 1568856, at *2 (N.D. Ill. Dec. 10, 2001).

**H)** Here, the Settlement was the result of arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their clients' respective positions. *See* Dkt. No. 83, p. 22 (Pg. ID 1952). As such, the Court will find that the Settlement was free of the risk of fraud or collusion, and that this factor weighs in favor of approving the Settlement.

### Complexity, Expense, and Likely Duration of Litigation

**I)** "Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003) (quoting *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983).

**J)** Here, litigation has been ongoing for more than three years. *See* Dkt. No. 1. Had the case proceeded, Plaintiffs assert that Defendant would have contested class certification and the merits of Plaintiffs' claims based upon governmental immunity and statute of limitations, among other defenses. *See* Dkt. No. 83, p. 22 (Pg. ID 1952). Plaintiffs and Defendant have agreed to avoid the risks and costs of

further litigation by reaching a Settlement. *See id.* at pp. 22-23 (Pg. ID 1952-53). In light of these facts, the Court will find that this factor weighs in favor of approving the Settlement.

**Amount of Discovery Engaged in by the Parties**

**K)** "In order to evaluate a proposed settlement, the court need not possess sufficient 'evidence to decide the merits of the issue.'" *IUE-CWA v. GMC*, 238 F.R.D. 583, 597 (E.D. Mich. 2006) (quoting *UAW v. GM*, 2006 WL 891151, at *19 (E.D. Mich. Mar. 31, 2006). It is enough that the parties and the court have "adequate information in order to evaluate the parties' relative positions." *Id.* at 598.

**L)** Here, the parties have compiled necessary discovery, taken depositions, and exchanged documents and data. *See* Dkt. No. 83, p. 23 (Pg. ID 1953). This has allowed both sides to evaluate the strength of their case and make an informed decision regarding the terms of the Settlement. *See id.* Therefore, the Court will find that this factor also weighs in favor of approving the Settlement.

**Likelihood of Success on the Merits**

**M)** The ultimate question under this factor is "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather

than pursued." *IUE-CWA*, 238 F.R.D. at 595 (quoting *UAW*, 2006 WL 891151, at *15).

**N)** Here, due to the risks and expenses involved in litigation and the potential costs of an appeal, Plaintiffs assert that the Settlement is fair, reasonable, and adequate. *See* Dkt. No. 83, p. 23 (Pg. ID 1953). The Court has no reason to question this claim, and thus, will find that this factor weighs in favor of approving the Settlement.

### Opinions of Class Counsel and Class Representatives

**O)** "The judgment of the parties' counsel that the settlement is in the best interest of the settling parties 'is entitled to significant weight, and supports the fairness of the class settlement.'" *IUE-CWA*, 238 F.R.D. at 597 (quoting *UAW*, 2006 WL 8991151, at *18).

**P)** Here, Plaintiffs and Class Counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of the Class. *See* Dkt. No. 83, p. 24 (Pg. ID 1954). Further, both attorneys representing the Class have substantial experience litigating class action suits. *See id.* Hence, the Court will find that this factor weighs in favor of approving the Settlement.

### Reaction of Absent Class Members

**Q)** "A certain number of opt-outs and objections are to be expected in a class action." *In re Cardizem*, 218 F.R.D. at 527. "Although the Court should consider objections to the settlement, the existence of objections does not mean that settlement is unfair." *New York State Teachers' Ret. Sys. v. GMC*, 315 F.R.D. 226, 238 (E.D. Mich. 2018) (quoting *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d 985, 1018 (S.D. Ohio 2001)). Indeed, "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlements." *In re Cardizem*, 218 F.R.D. at 527.

**R)** Any objector to a proposed settlement "has the burden of showing that the compromise is unreasonable, since preliminary approval makes the settlement presumptively reasonable." *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 931 (E.D. Mich. 2007).

**S)** Here, approximately 8,000 notices were sent out; yet, only eleven Class Members opted out and only one raised an objection. *See* Dkt. No. 83, p. 11, 25 (Pg. ID 1941, 55). From this, it is clear that the Class Members overwhelmingly support the Settlement.

**T)** In regard to the lone objector, Barbara Delegeorge, her issue is with the amount that she stands to receive under the Settlement. *See* Dkt. No. 80. She asks for one-hundred percent of the money that she paid to Defendant City of Warren,

rather than the amount approved by the Settlement. *See id.* In addition, Delegeorge objects to the proposal that Defendant City of Warren waive all inspection fees for a period of four years. *See id.* She asserts that inspection fees should never be imposed. *Id.* However, because the point of a settlement agreement is to reach a compromise, her requests are not feasible. Considering that Class Member Delegeorge raises no other concerns with the Settlement, the Court will overrule her Objection and find that this factor weighs in favor of approving the Settlement.

### **Public Interest**

U) "There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).

V) Here, the complexity of the suit is well documented. Because public policy favors settlement of such actions, the Court will find that this factor weighs in favor of approving the Settlement.

### Fairness of Attorney Fees, Costs, and Incentive Award

**W)** "A lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

**X)** Likewise, the Sixth Circuit has recognized that "there may be circumstances where incentive awards are appropriate." *Vassalle v. Midland Funding, LLC*, 708 F.3d 747, 756 (6th Cir. 2013) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897-98 (6th Cir. 2003)). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

**Y)** Here, Class Counsel undertook this case on a contingency basis, using their extensive experience to achieve a fair result for their clients. Dkt. No. 82, p. 17 (Pg. ID 1925). Plaintiffs have presented several cases demonstrating that the Class Counsel fee award is within the generally approved range for class settlements. *See id.* at pp. 14-16 (Pg. ID 1922-24). Based on these facts, and in light of not receiving any objections to the award, the Court cannot say that the $371,250 in fees, plus $15,000 in expenses, improperly benefits Class Counsel.

**Z)** Similarly, the argument for awarding an incentive fee is that Plaintiffs have been active participants in this litigation spanning more than three years. *Id.* at pp. 19-20 (Pg. ID 1927-28). Indeed, Plaintiffs have taken part in discovery, depositions, and mediation. *Id.* Based on these facts, and in the absence of any objections, the Court finds that the $10,000 payments to Named Plaintiffs are reasonable.

## IV. CONCLUSION

In sum, the Court finds that the Settlement Agreement resolves a genuine and serious legal dispute between the Class Members and Defendant; that it is the product of informed, arm's-length negotiations and mediation; that it achieves a mutually-beneficial settlement, fairly and without any suggestion of fraud and collusion; that it binds Defendant, adding to the Class Members' security; that it eliminates litigation risks and uncertainties for all sides; that it avoids further delay, expense, and hardship; that it serves the interests of the Class as a whole, and presents a reasonable alternative to continued litigation; that it conserves judicial resources and is consistent with the public interest; that it has the parties' and counsel's endorsement; that it is within an acceptable range of reasonableness; and finally, considering all the circumstances, that it is fair, reasonable, and adequate under Rule 23(e)(2).

Accordingly, for the reasons discussed herein, the Court will GRANT Plaintiffs' Motion for Attorney Fees, Costs, and Incentive Fee [#82] and Motion for Final Approval of Settlement [#83].

Dated: October 23, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 23, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager